## DESIDERO LOPEZ V. THE STATE.

No. 19086.  Delivered June 16, 1937.

The opinion states the case.

*Raphael Cowen,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being assessed at five years in the penitentiary.

Appellant and one Lazaro Reyna were indicted jointly for the murder of one Simon Nieto.  Appellant was alone upon trial.

A detailed statement of the facts is not thought necessary. The State's evidence shows an unjustified killing of deceased by appellant with a knife, in which difficulty Lazaro Reyna

participated with appellant. The latter fled to Mexico and a witness testified that in a conversation there appellant said to witness "I know I stabbed Simon and killed him with a knife. I know I stabbed the s— of a b— with the intention of cutting his guts, and I think I did, and that is the reason I ran away." On the other hand, appellant and his witnesses raised the issue of self-defense and defense of others.

Bill of exception number six is so incomplete it presents nothing tangible for consideration.

Bill of exception number seven complains of admitting in evidence through deceased's mother a statement made to her by deceased immediately after he was stabbed. The statement was objected to as not being res gestae, and as not being supported by a proper predicate to be admissible as a dying declaration. The court qualifies the bill setting out the circumstances under which the statement was made by deceased, and certifies that appellant's counsel withdrew the objection and conceded that the statement was admissible as a dying declaration.

Bill number eight complains of remarks by State's counsel. We discover nothing in the argument which, if improper, could not be corrected by the trial court instructing the jury not to consider them.

Bills numbers one and two bring forward complaint because the court instructed the jury that if appellant "either alone or acting together with Lazaro Reyna" killed deceased, etc., and because in another place in the instructions the court gave a general definition of 'principals' without making application thereof. We observe that nowhere in the charge does the court make appellant's guilt to depend on any act of Reyna's, but requires the jury to predicate a finding of appellant's guilt on his own act. The court also gave a requested charge telling the jury if they found that Reyna killed deceased they should acquit appellant. Under the circumstances we fail to see how harm could have come to appellant by reason of the things complained of.

Bill number three brings forward complaint because the court instructed the jury that if appellant was acting in his own defense, or in defense of others against the unlawful assaults of deceased he should be acquitted. The objection seems to be that the charge blended appellant's right to defend himself with his right to defend others, it being contended in the objection that such defenses should have been submitted separately. Appellant's rights in either event appear to have been

adequately guarded and because they are presented in one paragraph instead of separately presents no just ground of complaint.

A special charge which would have directed a verdict of not guilty was properly refused. Complaint of such action is found in bill of exception number four.

Bill number five complains of the refusal of a special charge instructing the jury of appellant's rights to act in defense of others. The court declined to give same because the subject was embraced in the main charge.

Finding no reversible errors the judgment is affirmed.

*Affirmed.*